*J. B. Sleith*, for the plaintiff.

*J. Ryman*, for the defendant.

## KELLY *v.* CASE.

In an action on a promissory note for goods sold, &c., the defendant may reduce the agreed price of the articles sold by proving what the difference was, at the time of delivery, between the articles as they actually were and what they ought to have been according to the contract; but the damages which may have arisen from the defect of the articles, must be recovered, if they are recoverable at all, by a separate suit.

May Term,
1850.

KELLY
v.
CASE.

Monday,
October 28.

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by *Case* against *Kelly* upon a promissory note for the payment of 550 dollars. The defendant pleaded *nil debet.* Verdict and judgment for the plaintiff for 444 dollars and 30 cents.

On the trial, the defendant took the following bill of exceptions:—

Be it remembered that, on, &c., the above cause came on to be tried before said Court and a jury, and that, upon said trial, the defendant (after having proved that the note sued on was given for an engine and boilers purchased of plaintiff by defendant to propel a steam saw-mill; and that, upon such sale, the plaintiff represented such engine and boilers to be in a good condition for running; and after having also given evidence tending to show that said boilers, at the time of the sale thereof as aforesaid, had several holes in them, in consequence of which they were wholly unfit for use until repaired; and that the plaintiff, at the time of the sale, knew such unsoundness;) offered to prove that, at the time of making said purchase, his saw-mill was ready to receive the machinery and go into operation, but because of said defects, the defendant was compelled to suffer and permit his said mill to stand *still* about two months, that being the time required to repair the boilers and make them fit for use; which evidence was objected to by the plaintiff, on the ground that, under the issue in this case, the defendant could only recoupe, from the amount of the note, the difference between the value of the machinery as it really was, and its value in the condition represented by the plaintiff as aforesaid: which objection the Court sustained, and refused to let the evidence so offered by the defendant go to the jury. To which opinion the defendant excepts, &c.

The only question in this cause is, whether or not the testimony mentioned in the bill of exceptions, as offered by the defendant, ought to have been admitted.

We have no doubt but that the evidence was correctly

rejected. The doctrine in these cases is this: The defendant may reduce the agreed price of the articles sold, by proving what the difference was, at the time of delivery, between the engine and boilers as they actually were, and what they ought to have been according to the contract. As to the damages in this case, which may have arisen from the delay in the operations of the mill, they must be recovered, if they are recoverable at all, by a separate action. This has been held to be the law in the case of a sale of goods with warranty, or of work to be performed, or of goods to be supplied, according to a contract. *Mendel* v. *Steel*, 8 Mees. & Welsb. 858.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*G. Holland* and *J. Ryman*, for the plaintiff.

*J. D. Howland*, for the defendant.